Elaine A. JEFFERSON, Appellant,

v.

UNITED STATES, Appellee.

No. 80–1181.

District of Columbia Court of Appeals.

Submitted March 1, 1984.

Decided May 24, 1984.

Joan F. Montgomery, Washington, D.C., appointed by this court, was on the brief, for appellant.

Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the brief was filed, Michael W. Farrell, John R. Fisher, Katherine Winfree and Patricia A. Broderick, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before KERN, NEBEKER and FERREN, Associate Judges.

KERN, Associate Judge:

Appellant was convicted of possession of a dangerous drug in violation of D.C.Code § 33–702(a)(4) (1973), in a stipulated trial after the trial court denied her pretrial motion to suppress evidence. Appellant argues that the trial court erred in denying her suppression motion because she maintains the police lacked probable cause to search her after they arrested her upon an informant's tip.

The informant called a police detective with a description of a woman who he advised the detective had been selling narcotics inside a liquor store at Twelfth and U Street, N.W. About five minutes after receiving the phone call, three officers arrived at the liquor store and saw appellant, who matched the description the informant had given of the drug seller, leaving the store. She was detained, searched, and two tablets of illegal drugs were discovered in her gloves.

Appellant moved pretrial to suppress the physical evidence because she

argued, based on *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), the government did not provide sufficient evidence of either the veracity of the informant or the basis of the informant's knowledge from which the trial court could conclude that probable cause existed to detain and search appellant. The Supreme Court has recently re-examined the analysis for courts and judicial officers to employ to determine whether an informant's tip establishes probable cause for the issuance of a warrant.[1] In *Illinois v. Gates*, — U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Court reaffirmed the "totality of the circumstances" approach, and determined that the *Aguilar/Spinelli* "two-prong test"—"basis of knowledge" and "veracity"—does not specify "separate and independent requirements to be rigidly exacted in every case.... Rather ... they should be understood simply as closely intertwined issues that may usefully illuminate the common sense, practical question whether there is 'probable cause' ...." *Id.* at 2327–28.[2]

The Court's concern in *Gates* was that the two-prong analysis had become overly technical and unduly rigid, with each prong serving as an entirely separate and independent requirement. Yet, the "probable cause standard is a 'practical nontechnical conception.' " *Illinois v. Gates, supra,* 103 S.Ct. at 2328–29 (citations omitted). Rather than rigid and separate prongs, "veracity" or "reliability" and the informant's "basis of knowledge", should be understood as highly relevant and intertwined issues in

the totality of the circumstances analysis. *Id.* at 2328. "A deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." *Id.* at 2329. And,

> [t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to insure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed. *Id.* at 2332 (citation omitted).

■ We read *Gates* to affirm the significant value of corroboration by details contained in an informant's tip. Moreover, the Court noted that "innocent behavior frequently will provide the basis for a showing of probable cause; to require otherwise would be to *sub silentio* impose a drastically more rigorous definition of probable cause than the security of our citizens demand." *Id.* 103 S.Ct. at 2335 n. 13. While our decision in *Nance v. United States*, 377 A.2d 384, 389–90 (D.C.1977), indicated that corroboration of innocent details of a tip from a paid informant, by itself, does not establish veracity, we must recognize the controlling force of the Supreme Court's guidance in *Gates* that such corroboration is of significant value. To the extent that our *Nance* decision is to the contrary it has been overruled.[3]

---

1. The instant case involved a warrantless search rather than a search warrant. However, the same analysis to determine probable cause would be applicable here as it applies to the issuance of a search warrant. *Whiteley v. Warden*, 401 U.S. 560, 566, 91 S.Ct. 1031, 1035, 28 L.Ed.2d 306 (1971); *Mitchell v. United States*, 368 A.2d 514, 516 (D.C.1977); *Whisman v. Commonwealth*, 667 S.W.2d 394 (Ky.Ct.App., 1984) (applying *Illinois v. Gates*, "totality of the circumstances" test, to a warrantless search).

2. *United States v. Johnson*, 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982) (holding that generally a decision by the Court construing the Fourth Amendment will apply retroactively to all convictions not yet final), requires us to apply *Illinois v. Gates, supra,* to the case at bar.

3. In *United States v. Davis*, 387 A.2d 1091 (D.C. 1978), we noted that the motions judge in reviewing the veracity of the informant, an addict with a criminal record, concluded that this prong had not been met because the informant's

■ In examining the facts in the present case, we note that the police officers testified at the suppression hearing as follows: the informant had given information on at least nine occasions, and on each of these occasions the information led to arrests and the recovery of narcotics; the detective who received the tip in this case was personally involved in four of the nine cases with this informant; the detective knew that other officers in his unit considered the informant to be reliable; and, the detectives, minutes after receiving the tip, observed appellant and she matched the description given by the informant of a black female, wearing a blue coat, blue pants and weighing approximately 140 to 150 pounds, thus corroborating the innocent details of the tip.

In addition, there was testimony in the record that the informant revealed in his tip to the detective the basis of his knowledge: that he had seen the subject selling narcotics.

Given these facts of record we are persuaded there was support for the trial court to conclude the existence of probable cause. Accordingly, the trial court properly denied the motion to suppress and admitted the evidence against appellant. Therefore, her judgment must be and is

*Affirmed.*

tips in the past had not specifically led to a conviction. We indicated our concerns with adopting such "a hard and fast rule that the veracity prong of *Aguilar* could be met *only* by the prosecution showing an informant's prior tip had led to a conviction." *Id.* at 1094. The court in *Gates* has affirmed our belief that such a rigid legal rule is ill-suited for the diversities of informant's tips. *Illinois v. Gates, supra,* 103 S.Ct. at 2329.