**Clarence J. TURNER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 88-1349.**

District of Columbia Court of Appeals.

Argued March 5, 1991.

Decided March 29, 1991.

Hiram Puig–Lugo, Public Defender Service, with whom James Klein, Public Defender Service, was on the brief, for appellant.

James F. Rutherford, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and Elizabeth Trosman, Asst. U.S. Attys., were on the brief, for appellee.

Before STEADMAN and SCHWELB, Associate Judges, and KERN, Senior Judge.

STEADMAN, Associate Judge:

Appellant was charged and convicted of possession with intent to distribute cocaine, D.C.Code § 33–541(a)(1) (1988), and possession of marijuana, *id.* § 33–541(d). On appeal, his sole challenge is to the denial of his suppression motion based upon an alleged unlawful arrest following information from an informant. We affirm.

The government's evidence showed that on August 12, 1987, Officer Paul Swope received a call from a paid police informant who stated that "a black male, wearing a burgundy sweatshirt jacket, burgundy sweatpants, and a black Coca–Cola cap turned backwards, was holding and selling cocaine in front of 1424 Chapin Street, N.W." The informant had previously provided reliable tips on approximately ten occasions which resulted in three "good" search warrants and several arrests. Officer Swope then radioed the description to a police cruiser. The informant called again a few minutes later to report that the subject had removed his jacket, but was in the same location. An officer proceeded to the location and found an individual matching the description. He was carrying a burgundy jacket. More police arrived at the scene, arrested appellant, and upon searching him found the narcotics.

I

Appellant's principal argument is that the record here shows a "complete absence of evidence" as to the "basis of knowledge" of the informant.[1] Appellant argues that even though the two-prong test established by *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spi-*

---

1. Appellant further contends that this alleged deficiency was not compensated for by the police officer's corroboration of innocent details. Because we fail to perceive the "deficiency" as asserted by appellant, we have little occasion to address this further argument. Unlike, *e.g., Goldston v. United States,* 562 A.2d 96 (D.C. 1989), here the informant was rendering a "hot tip," reporting contemporaneous crime impliedly being witnessed by him or her.

*nelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), requiring a showing of both an informer's "basis of knowledge" and "veracity" to establish probable cause, was replaced by a "totality of the circumstances" test in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983),[2] *Gates* did not eliminate the requirement for *some* evidence of the informant's basis of knowledge.

Assuming the correctness of appellant's assertion, we think he misreads the record here. It has been established that, with other indicia of veracity no stronger than here, a basis of knowledge element would be satisfied for probable cause if the informant had explicitly stated that he or she "saw" the appellant selling drugs. *Jefferson v. United States, supra* note 2, 476 A.2d at 687 ("[T]here was testimony in the record that the informant revealed in his tip to the detective the basis of knowledge: that he had seen the subject selling narcotics.").[3] But the basis of knowledge of an informant need not be established by the direct assertions of informant; it may also be fairly inferred, as here.[4] *Groves v. United States,* 504 A.2d 602, 605 (D.C. 1986) (Where informer called a second time to report the changed location of the suspect, "it was apparent that he was person-ally observing the occurrence he was then describing."); *United States v. Walker,* 294 A.2d 376, 378 (D.C.1972) ("While the citizen [informer] here did not specifically say he had seen the pistol ..., such was the clear inference from his report.").[5]

In addition to *Jefferson,* see note 3 *supra,* this case bears a marked similarity in its basis of knowledge element to *Rutledge v. United States,* 392 A.2d 1062 (D.C.1978). In *Rutledge,* an informer told the police that

> a Negro male [who was] wearing a tan leather waist-length jacket, black pants, [had a] short bush, [was] dark complected, and had soft walking shoes on ... like Hush Puppies ... [and] was carrying a newspaper in his hand ... was selling BAM[6] [and] was standing right in front of the Pig and Pit, on the west side of the street, 1900 block of 14th Street.

Although the informer happened to have stated that he saw the appellant selling drugs, we noted, under the old *Aguilar–Spinelli* test, that "if an informant's report contains detailed, current information, it is probably based on first-hand perception," and thus enough to satisfy the basis of knowledge prong. *Rutledge v. United States, supra,* 392 A.2d at 1065.[7]

2. As we explained in *Jefferson v. United States,* 476 A.2d 685, 686 (D.C.1984), in *Gates,* the Supreme Court "determined that the *Aguilar-Spinelli* 'two-prong test'—'basis of knowledge' and 'veracity'—does not specify 'separate and independent requirements to be rigidly exacted in every case.... Rather ... they should be understood simply as closely intertwined issues that may usefully illuminate the common sense, practical question whether there is "probable cause"'" (quoting *Gates,* 462 U.S. at 230, 103 S.Ct. at 2328). *See also Goldston v. United States, supra* note 1, 562 A.2d at 98.

3. *Jefferson* involved facts very similar to those presented here. An informant, who had on nine previous occasions provided reliable information leading to arrests, called a detective with a description of a woman whom he had seen selling narcotics inside a liquor store. Within five minutes, three officers arrived at the liquor store and saw appellant, who matched the description given by the informant; *viz.,* a black female, wearing a blue coat, blue pants and weighing approximately 140 to 150 pounds, and who was thereupon arrested. We held on these facts that the trial court properly denied the motion to suppress.

4. Swope testified that he assumed the source had obtained its information from watching appellant sell drugs although the source did not actually tell him this.

5. *See also Goldston v. United States, supra* note 1, 562 A.2d at 101 ("These circumstances permit, at the very least, an inference that the information was based on personal observation rather than 'a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation.' *Spinelli, supra,* 393 U.S. at 416–17 [89 S.Ct. at 589].").

6. BAM is a street term for phenmetrazine, also known as Preludin.

7. Thus, appellant's assertion is erroneous that an informant must necessarily also set forth the basis for the conclusion that what he or she observed was a drug sale.
   In *Rutledge,* the arrest was invalidated under the second prong of *Aguilar/Spinelli,* since it involved a first-time paid informant.

Here, the informant made two telephone calls. The first one was a flat assertion that defendant was engaging in drug sales, and provided a detailed description of appellant. The second call reported that appellant had taken off his jacket. However one might view the first call standing alone, we think it plain that a fair inference following the second call was that the informant was himself witnessing the defendant's actions, including the drug sales alleged in the first call.[8] The Supreme Court has held that an informant's failure "to thoroughly set forth the basis of his knowledge surely should not serve as an absolute bar to a finding of probable cause," *Illinois v. Gates, supra,* 462 U.S. at 233, 103 S.Ct. at 2329, where, as here, an informant has proven the reliability of his tips.

The trial court correctly denied the motion to suppress, and accordingly the judgment appealed from is

*Affirmed.*

[8.] There seems no reason, however, why this should have been left to inference. See note 4 *supra.* One more question to the informant— such as "how do you know he's selling drugs?"— would have made the inference explicit. Furthermore, appellate review would be enhanced by trial proceedings specifically addressing basis of knowledge as well as veracity because, while *Gates* eliminated these two concepts as clear-cut prongs, it nonetheless recognized that each may remain "highly relevant" in the normal course of events. *Illinois v. Gates, supra,* 462 U.S. at 230, 103 S.Ct. at 2328. See also note 2 *supra.*